# COURT OF CHANCERY
## OF THE
# STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 10, 2021
Date Decided: October 4, 2021

David A. Jenkins, Esquire
Neal C. Belgam, Esquire
Jason Z. Miller, Esquire
Smith Katzenstein & Jenkins LLP
1000 West Street, Suite 1501
P.O. Box 410
Wilmington, DE 19801

Susan M. Hannigan, Esquire
Ryan D. Konstanzer, Esquire
Richards Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801

Kenneth J. Nachbar, Esquire
Lauren K. Neal, Esquire
Michael J. Slobom Jr., Esquire
Morris Nichols Arsht & Tunnell LLP
1201 North Market Street
Wilmington, DE 19801

RE: *Pascal v. Czerwinski, et al.*
C.A. No. 2020-0320-SG

Dear Counsel:

This litigation involves derivative claims against corporate directors of Columbia Financial, Inc. (the "Company" and, together with the corporate directors, the "Defendants"), alleging that the directors committed breaches of fiduciary duty and were unjustly enriched in connection with enacting an Equity Incentive Plan which, the Plaintiff contends, provided each corporate director with excessive and

unfair financial benefits. The Plaintiff has moved to compel production of certain documents which were submitted to me by the parties for *in camera* review following briefing and oral argument. The heart of the dispute is whether attorney-client privilege has been waived by the Defendants with respect to certain correspondence and documentation traded in the e-mail presence of the Company's compensation consultants.

Attorney-client privilege applies to certain confidential communications made in the process of rendering professional legal services to the client.[1] I find that attorney-client privilege is not waived when a consultant, who was retained to provide assistance to the client and its attorneys in making judgments that involve legal analysis, is copied into email chains, provided that the intent is to keep these communications confidential.[2] Here, the compensation consultants were copied on or active participants in numerous email threads discussing presentations to be made to the Company's compensation committee, the drafting of the Company's proxies, and various recommendations and research of both counsel and the compensation consultants, often in the carbon-copied presence of the client. I am convinced that

---

[1] *See* D.R.E., Rule 502(b).

[2] *See, e.g.*, *Cephalon, Inc. v. Johns Hopkins Univ.*, 2009 WL 2714064, at *2 (quoting D.R.E., Rule 502(b)) ("[T]he privilege recognized in D.R.E. 502(b) applies to communications among nonlawyer representatives of the client, provided the communications are confidential and 'for the purpose of facilitating the rendition of professional legal services to the client.'"); *Jedwab v. MGM Grand Hotels, Inc.*, 1986 WL 3426, at *2 (Del. Ch. Mar. 20, 1986) (describing confidential communications seeking professional guidance from an investment banker as an example of a privileged communication extended to a third party which remains privileged).

these communications were intended to remain confidential, as defined in the Delaware Rules of Evidence, because the compensation consultants received disclosure "in furtherance of the rendition of professional legal services to the client."[3] As such, this finding appears to apply to most of the documents that have been submitted for *in camera* review. I have not at this stage considered whether unfair use of any of these privileged documents requires remediation by the Court.

In light of this holding, the parties should meet and confer and inform me as to whether any additional documents remain that require Court intervention.

To the extent the foregoing requires an Order to take effect, IT IS SO ORDERED.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

---

[3] *See* D.R.E., Rule 502(a).